**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Miami Division**

**Case No.: 1:26cv27775**

CARA CRAFT,

Plaintiff,

v.

CARNIVAL CORPORATION LTD.,
d/b/a CARNIVAL CRUISE LINES,
a foreign corporation, for profit.

Defendant.
_________________________________/

***COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL***

**COMPLAINT**

Plaintiff, CARA CRAFT, (hereinafter, "Plaintiff") hereby sues Defendant CARNIVAL CORPORATION LTD. d/b/a CARNIVAL CRUISE LINES, (hereinafter "Carnival") a for-profit foreign corporation, for damages and demands a jury trial on all issues so triable.

**JURISDICTION AND VENUE**

1. This is an action for personal injuries arising under the general maritime law of the United States, within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1). The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Plaintiff is a citizen and resident of Oklahoma. Carnival is a foreign corporation with its principal place of business in Miami, Florida. Accordingly, diversity of citizenship jurisdiction exists for this case under 28 U.S.C. §1332.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Carnival resides in this District and is engaged in and doing business in Miami-Dade County, Florida, with

its worldwide headquarters, principal address, and principal place of business located at 3655 NW 87th Avenue. Miami, FL 33178.

4. In addition, jurisdiction and venue are proper against Carnival, as the passenger ticket contract requires that this action be brought in the United States District Court for the Southern District in Miami-Dade County, Florida.

5. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

**THE PARTIES**

6. Plaintiff is a citizen and resident of Oklahoma, over the age of eighteen (18) and is otherwise *sui juris*.

7. Carnival is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida. Carnival derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

8. At all times material hereto, Carnival was the bare-boat charterer of a sea-faring passenger vessel and cruise ship, the *Carnival Spirit*, (hereinafter, "Subject Vessel).

9. At all times material, Carnival owned, operated, managed, maintained, supervised, chartered, and/or controlled the Subject Vessel.

**GENERAL ALLEGATIONS**

10. On or about November 10, 2025, Plaintiff was a lawfully and properly fare-paying passenger and business invitee onboard the Subject Vessel.

11. On or about November 10, 2025, Plaintiff exited the forward elevators on Deck 10 of the Subject Vessel, turned left, and proceeded through the automatic sliding glass doors onto the exterior deck. Almost immediately after passing through the doors, Plaintiff slipped on a clear

liquid that had accumulated on the exterior walking surface (hereinafter, the "Subject Walking Surface"), causing her to fall and sustain serious injuries.

12. The Subject Walking Surface was unreasonably dangerous because a clear liquid had accumulated on the floor, creating a dangerous slipping hazard for passengers traversing the area. Additionally, the Subject Walking Surface failed to provide adequate slip resistance under reasonably foreseeable conditions, including the anticipated presence of moisture.

13. The Subject Walking Surface was specifically designed, designated, maintained, and intended by Carnival as a pedestrian walkway connecting the forward elevators, exterior Deck 10, and nearby stairways. As part of a regularly traveled passenger route, Carnival knew or should have known that the area would experience substantial pedestrian traffic and required reasonable inspection and maintenance to remain safe for its intended use.

14. Moreover, the Subject Walking Surface was located immediately outside the automatic sliding glass doors connecting the interior of the Subject Vessel to the exterior Deck 10 walking area. Given its location, exposure to exterior conditions, and regular pedestrian traffic traveling between the interior and exterior portions of the ship, Carnival knew or should have known that the Subject Walking Surface was susceptible to moisture accumulation and recurring slipping hazards. Accordingly, Carnival was required to exercise reasonable care to ensure that the Subject Walking Surface remained reasonably safe under those foreseeable conditions.

15. The dangerous condition was not open and obvious to Plaintiff. Prior to her fall, Plaintiff's feet were dry, she was walking carefully, and she was wearing rubber-soled shoes. Plaintiff could not reasonably anticipate that the Subject Walking Surface would present a dangerous slipping hazard under ordinary and reasonably foreseeable conditions.

16. As a direct result of the dangerous condition, Plaintiff slipped and fell onto the Subject Walking Surface, sustaining serious and permanent injuries, including a severe patellar fracture requiring emergency medical treatment, hospitalization, ongoing medical care, and four surgeries to date.

17. Prior to Plaintiff's fall, Carnival had actual and/or constructive notice of recurring slipping hazards associated with the Subject Walking Surface, including the dangerous condition presented by moisture accumulation on the exterior walking surface immediately adjacent to the automatic sliding glass doors.

18. Carnival further had actual and/or constructive notice because the dangerous condition existed for a sufficient period of time that Carnival knew or, through the exercise of reasonable care, should have discovered and corrected it before Plaintiff's fall.

19. Carnival's actual and/or constructive notice is further evidenced by its maintenance logs, inspection procedures, incident reports, housekeeping records, and other operational records documenting recurring slipping hazards and passenger slip-and-fall incidents aboard the Subject Vessel and throughout Carnival's fleet.

20. Carnival further had actual and/or constructive notice through prior substantially similar passenger slip-and-fall incidents involving wet and/or unreasonably slippery walking surfaces on Deck 10 aboard the Subject Vessel and other *Spirit* Class vessels, including the following:

a. *Kimberly Henderson v. Carnival Corporation*, Case No. 1:12-cv-21512-WPD, arising from a May 4, 2011, incident aboard the *Carnival Spirit*, in which a Plaintiff slipped and fell due to a slippery condition on Deck 10.

b. *Charlotte U. Jones and Terry E. Jones v. Carnival Corporation*, Case No. 1:11-cv-21133-MGC, arising from a June 30, 2010, incident aboard the *Carnival Spirit*, in which a Plaintiff slipped and fell on a slippery surface on Deck 10.

c. *Monique Mobley v. Carnival Corporation*, Case No. 1:19-cv-22510-DPG, arising from a September 1, 2018, incident aboard the *Carnival Pride,* in which a Plaintiff slipped and fell on Deck 10 because of an "unreasonably slippery" deck.

d. *Susan Carducci v. Carnival Corporation*, Case No. 1:17-cv-22505-JLK, arising from an August 15, 2016, incident aboard the *Carnival Pride*, in which a Plaintiff slipped and fell from a wet floor on Deck 10.

e. *Joan Chanudet v. Carnival Corporation,* Case No. 1:14-cv-23252-UU, arising from a September 7, 2013, incident aboard the *Carnival Pride*, in which a Plaintiff slipped and fell due to a slippery condition on Deck 10.

21. Carnival further had actual and/or constructive notice of the dangerous condition through prior substantially similar passenger slip-and-fall incidents involving wet and/or unreasonably slippery walking surfaces immediately adjacent to automatic sliding glass doors connecting the interior and exterior portions of Carnival's cruise ships, including the following:

a. *Tomika Cains v. Carnival Corporation*, Case No. 1:26-cv-22430-JB, arising from a February 9, 2025, incident aboard the *Carnival Breeze*, in which Plaintiff slipped and fell on a slippery substance on the floor as she walked outside through the automatic sliding doors.

b. *Linda Lorello v. Carnival Corporation,* Case No. 1:25-cv-23914-JTK, arising from an August 1, 2024, incident abord the *Carnival Vista,* in which a Plaintiff slipped

and fell, as they walked outside, on a slippery substance immediately outside the sliding glass doors.

c. *Juan Coba v. Carnival Corporation*, Case No. 1:25-cv-21884-RKA, arising from a February 11, 2024, incident aboard the *Carnival Pride*, in which Plaintiff slipped and fell on a wet floor as they walked through the automatic doors.

22. Despite its actual and/or constructive knowledge of the dangerous condition and recurring slip hazard associated with the Subject Walking Surface, Carnival failed to adequately inspect, maintain, repair, or warn passengers of the dangerous condition before Plaintiff's fall.

**COUNT I – NEGLIGENT FAILURE TO MAINTAIN**

23. Plaintiff realleges and incorporates paragraphs 1 through 22 as if fully set forth herein and further alleges:

24. At all times material, Carnival owed Plaintiff a duty under the general maritime law to exercise reasonable care under the circumstances in inspecting, maintaining, monitoring, and repairing the Subject Walking Surface to ensure that it remained reasonably safe for its intended and foreseeable use by passengers.

25. Carnival breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions:

a. Failing to maintain the Subject Walking Surface in a reasonably safe condition for passenger use;

b. Failing to adequately inspect and monitor the Subject Walking Surface to identify and address dangerous slipping hazards, including the accumulation of clear liquid;

c. Failing to discover and correct the dangerous condition on the Subject Walking Surface within a reasonable time after Carnival knew or should have known of its existence;

d. Failing to ensure that the Subject Walking Surface provided adequate slip resistance under reasonably foreseeable conditions, including the anticipated presence of moisture;

e. Failing to implement and/or follow reasonable inspection, maintenance, and safety procedures designed to identify and correct dangerous slipping hazards associated with moisture accumulation on the Subject Walking Surface;

f. Failing to take reasonable corrective measures in response to recurring slipping hazards and prior substantially similar passenger slip-and-fall incidents involving wet and/or unreasonably slippery walking surfaces, including areas adjacent to automatic sliding glass doors connecting the interior and exterior portions of Carnival's cruise ships; and

g. Otherwise failing to exercise reasonable care under the circumstances.

26. Prior to Plaintiff's fall, Carnival had actual and/or constructive notice of the dangerous condition, as alleged in greater detail above, yet failed to exercise reasonable care to inspect, maintain, monitor, and correct the dangerous condition.

27. As a direct and proximate result of Carnival's aforesaid negligence, Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money in the past and future and aggravation of a known or unknown previously existing condition. The losses are either permanent or continuing in nature, and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff CARA CRAFT demands judgment against Defendant CARNIVAL CORPORATION LTD. d/b/a CARNIVAL CRUISE LINES in an amount in excess of $75,000 to be determined at trial by a jury, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.

## COUNT II – NEGLIGENT FAILURE TO WARN

28. Plaintiff realleges and incorporates paragraphs 1 through 22 as if fully set forth herein and further alleges:

29. At all times material, Carnival owed Plaintiff a duty under the general maritime law to exercise reasonable care under the circumstances by warning passengers of dangerous conditions aboard the Subject Vessel that were known to Carnival, or should have been known through the exercise of reasonable care, and that were not open and obvious to passengers exercising reasonable care for their own safety.

30. Prior to Plaintiff's fall, Carnival had actual and/or constructive notice of the dangerous condition existing on the Subject Walking Surface, as alleged in greater detail above, yet failed to provide Plaintiff with any adequate warning of the dangerous slipping hazard.

31. The dangerous condition was not open and obvious to Plaintiff. As Plaintiff carefully traversed the Subject Walking Surface, she encountered a clear liquid that had accumulated on the floor, creating a dangerous slipping hazard that she could not reasonably perceive or anticipate while exercising ordinary care for her own safety.

32. Carnival breached its duty owed to Plaintiff by committing one or more of the following acts and/or omissions:

a. Failing to warn Plaintiff that the Subject Walking Surface presented a dangerous slipping hazard;

b. Failing to post adequate warning signs advising passengers of the dangerous slipping condition on the Subject Walking Surface;

c. Failing to place cones, barricades, markings, or other visual warnings alerting passengers to the dangerous condition on the Subject Walking Surface;

d. Failing to warn passengers of the dangerous slipping hazard associated with moisture accumulation on the Subject Walking Surface under reasonably foreseeable conditions;

e. Failing to provide adequate warnings despite actual and/or constructive notice of recurring slipping hazards and prior substantially similar passenger slip-and-fall incidents involving wet and/or unreasonably slippery walking surfaces, including areas adjacent to automatic sliding glass doors connecting the interior and exterior portions of Carnival's cruise ships; and

f. Otherwise failing to provide warnings reasonably sufficient to alert passengers exercising ordinary care to the dangerous condition on the Subject Walking Surface.

33. As a direct and proximate result of Carnival's aforesaid negligence, Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money in the past and future, and aggravation of a known or unknown previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff CARA CRAFT demands judgment against Defendant CARNIVAL CORPORATION LTD. d/b/a CARNIVAL CRUISE LINES in an amount in excess

of $75,000 to be determined at trial by a jury, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.

Dated: November 2, 2026

Respectfully submitted,

**LEESFIELD SHAPIRO, PLLC**
*Attorneys for the Plaintiff*
2350 South Dixie Highway
Miami, FL 33133
Tel: 305-854-4900
Fax: 305-854-8266

By: */s/ Bernardo Pimentel II, Esq.*
**BERNARDO PIMENTEL II, ESQ.**
Florida Bar No. 1014210
Primary service e-mail: pimentel@leesfield.com
Additional service e-mail: mesa@leesfield.com

**JUSTIN B. SHAPIRO, ESQ.**
Florida Bar No. 92036
Primary service e-mail: shapiro@leesfield.com
Additional service e-mail: alpizar@leesfield.com